UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEATH, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-00476-CKD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Allegations in the Complaint

At the outset, the court notes that plaintiff did not sign the complaint. The court cannot consider unsigned filings and the complaint shall be stricken from the record for that reason. Fed.

R. Civ. P. 11; Local Rule 131(b).  Plaintiff has thirty days to file a signed amended complaint.  Additionally, the court has set forth the appropriate pleading standards and noted potential defects in the factual allegations of the complaint.  Plaintiff should pay careful attention to the legal standards governing his claims should he choose to file an amended complaint.

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Medical Facility.  Plaintiff alleges that several correctional officers used excessive force against him on February 18, 2022.  Even though he was bleeding from his injuries, he was denied medical assistance by the defendants who inflicted them or were present in the prison dayroom and observed his injuries.  By way of relief, plaintiff seeks compensatory and punitive damages.

### III. Legal Standards

#### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

### C. Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F.3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act

or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### IV. Analysis

Plaintiff's complaint must be stricken from the docket because it was not signed. The court will, however, grant plaintiff leave to file an amended complaint to correct this deficiency. Plaintiff may file a signed amended complaint within 30 days from the date of this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      **Plain Language Summary for Pro Se Party**

As you are acting as your own attorney in this case, the court wants to make sure you understand this order. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is striking your complaint from the docket because you did not sign it. All pleadings filed by people representing themselves must be signed. The court is giving you the chance to file a signed complaint within 30 days from the date of this order to fix this problem. If you choose to file an amended complaint, pay attention to the legal standards identified in this order which may apply to your claims. If you do not file a signed amended complaint, the court will recommend dismissing your case without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is stricken from the docket because it was not signed.

4. Plaintiff is granted thirty days from the date of service of this order to file a signed amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result

in a recommendation that this action be dismissed.

Dated: May 16, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/puck0476.no.sig.lta.docx