UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:22-cv-00476-CKD P |
| Plaintiff, | |
| v. | ORDER |
| HEATH, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    On May 16, 2022, the court screened plaintiff's complaint and dismissed it with leave to amend based on his failure to sign the complaint.  ECF No. 7.  Plaintiff's first amended complaint is now before the court for screening.  ECF No. 10.

    As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

## I. Allegations in the First Amended Complaint

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at the California Medical Facility ("CMF"). Defendants are various correctional officers and medical staff employed at the CMF.

Plaintiff alleges that excessive force was used against him by various correctional officers on two separate dates while he was both restrained and compliant with all orders. Plaintiff also asserts that R.N. Gonzalez failed to provide treatment for his injuries even though she saw blood on his face following the February 18, 2022 use of force. A John Doe Sergeant and Jane Doe Licensed Vocational Nurse failed to intervene to protect him during the April 9, 2022 incident.[1]

## II. Legal Standards

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

## III. Analysis

After conducting the required screening, the court finds that plaintiff may proceed on the

---

[1] Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial screening stage, they cannot be served with process until identified by their real names. See Mosier v. California Dept. of Corrections & Rehabilitation, 2012 WL 2577524, at *3 (E.D. Cal. July 3, 2012); Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. July 20, 2010). Therefore, service will not be ordered on either of these Eighth Amendment failure to protect claims until plaintiff has identified the actual identities of these Doe defendants and amended his complaint to substitute the defendants' actual names. The burden is on plaintiff to promptly discover the full names of these Doe defendants. Robinett, 2010 WL 2867696 at *4.

Eighth Amendment excessive force claims against defendants Heath, H. Williams, Gorsi, Marfil, Easton, Dunlap, Lockwood, and Martinez. Plaintiff has also stated an Eighth Amendment deliberate indifference claim against defendant R. Gonzalez. However, the first amended complaint does not link defendant Clark to any of the alleged constitutional violations. Plaintiff has the option of proceeding immediately on the Eighth Amendment claims against all the named defendants except defendant Clark, or he may attempt to cure the defects against defendant Clark by filing a second amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the Eighth Amendment claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss defendant Clark pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Plaintiff is granted leave to file a second amended complaint should he decide that he does not want to immediately proceed on the Eighth Amendment claims found cognizable in this screening order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

3

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

I.     **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment excessive force claims against defendants Heath, H. Williams, Gorsi, Marfil, Easton, Dunlap, Lockwood, and Martinez as well as the Eighth Amendment deliberate indifference claim against defendant R. Gonzalez; or, (2) amend the complaint to fix the problems identified in this order with respect to defendant Clark.  Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will construe this failure as consent to dismiss defendant Clark and will order service of the complaint only on the claims found cognizable in this screening order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Eighth Amendment excessive force claims against defendants Heath, H. Williams, Gorsi, Marfil, Easton, Dunlap, Lockwood, and Martinez as well as the Eighth Amendment deliberate indifference claim against defendant R. Gonzalez.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants time to file a second amended complaint to fix the deficiencies with respect to defendant Clark.

/////
/////
/////
/////

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss defendant Clark and proceed only on the cognizable claims identified in this screening order.

Dated:  November 15, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/puck0476.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>v.<br><br>HEATH, et al.,<br><br>    Defendants. | No.  2:22-cv-00476-CKD<br><br>NOTICE OF ELECTION |

**Check only one option:**

_____  Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claims against defendants Heath, H. Williams, Gorsi, Marfil, Easton, Dunlap, Lockwood, and Martinez as well as the Eighth Amendment deliberate indifference claim against defendant R. Gonzalez. Plaintiff voluntarily dismisses defendant Clark.

\_\_\_\_\_  Plaintiff wants time to file a second amended complaint.


DATED:


                                                    _____
                                                      Plaintiff