UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>HEATH, et al.,<br><br>    Defendants. | No.  2:22-cv-0476-DJC-CKD-P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner proceeding without an attorney in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court are plaintiff's motion to amend his complaint, motion to compel, motion for summary judgment, and motion for default judgment.  ECF Nos. 57-58, 62, 64.  Defendants have filed an opposition to plaintiff's motion for summary judgment.  ECF No. 67.  The court addresses each of these pending motions in turn.

**I.    Factual and Procedural History**

      This case is proceeding on the second amended complaint raising the following claims:  1) an Eighth Amendment excessive force claim against defendants Heath, Williams, Gorsi, Marfil, Dunlap, Easton, Martinez, and Lockwood; 2) an Eighth Amendment failure to protect claim against defendant Maristilla; 3) an Eighth Amendment deliberate indifference claim against defendant Gonzalez; 4) a First Amendment retaliation claim against defendants Heath, Martinez, Lockwood, Greenburg, and Mesa; and, 5) a Fourteenth Amendment Equal Protection claim

1

against defendants Heath, Martinez, Lockwood, and Jane Doe Sergeant.  ECF No. 44 (screening order).  By order dated October 12, 2023, the court advised plaintiff that his claim against a Jane Doe Sergeant could not move forward to service until such time as plaintiff identified her actual identity and amended his complaint to substitute this defendant's true name." ECF No. 44 at 2, n. 1.

## II.     Pending Motions

### A.  Motion to Compel

Plaintiff filed a motion labeled as a motion to compel.  ECF No. 58.  However, in this pleading, plaintiff requests a 45 day extension of time to serve defendants with a request for production of documents.  The court therefore construes this motion as a request to modify the Discovery and Scheduling Order.  By order dated July 29, 2024, the court vacated the discovery and dispositive motions deadlines in this case pending resolution of plaintiff's motion to amend. ECF No. 60.  Therefore, plaintiff's motion to compel, construed as a motion to modify the Discovery and Scheduling Order, is denied as unnecessary.  As part of this order, the court will reset the discovery deadline in this case.

### B.  Motion for Summary Judgment

Plaintiff also filed a motion for summary judgment against the defendants named in his proposed third amended complaint.  ECF No. 62.  Defendants opposed the motion asserting that the motion is premature because the defendants who have appeared have yet to conduct discovery. ECF No. 67.  As discovery has not been completed as to any defendant in this action, the court agrees that the motion for summary judgment is premature.  Therefore, plaintiff's motion for summary judgment is denied without prejudice to refiling upon completion of discovery.

### C.  Motion for Default Judgment

Plaintiff filed a third request for entry of default judgment against defendants Atinja, Amor, Johnson, Williams, Webb, Rogers, Perdigones, Medina, and Lavor.[1]  ECF No. 64.

---

[1] On October 16, 2024, the Clerk of Court declined plaintiff's prior request for entry of default judgment because plaintiff's motion to amend to add these defendants was still pending.

Plaintiff is advised that default judgment against these defendants is not appropriate because they were never named in the second amended complaint that was ordered served on October 12, 2023. Therefore, plaintiff's motion for default judgment is denied.

### D. Motion for Leave to Amend

In his motion for leave to amend the complaint, plaintiff indicates that he is seeking to add the true names of the John/Jane Doe defendants in this case. ECF No. 57 at 1. However, a review of plaintiff's proposed amended complaint still does not identify the true name of the only Jane Doe Sergeant in this case. ECF No. 57 at 14. Instead, the proposed amended complaint adds ten new defendants who plaintiff alleges failed to protect him from the use of excessive force, gave him illegal shots, or held him down while he was given the illegal shots. ECF No. 57 at 9-15. The factual allegations against these new defendants in the proposed amended complaint do not contain sufficient detail to sufficiently link them to any asserted violation of plaintiff's constitutional rights. Plaintiff does not explain why the shots given to him by these defendants were illegal. He just asserts in a conclusory fashion that they violated his rights. Furthermore, based on the attachments to the motion to amend, these new defendants were added because they were identified as witnesses in discovery materials. ECF No. 57 at 8. No further details are provided as to which specific events each witnessed or whether these individuals were capable of protecting plaintiff from any of the asserted uses of excessive force. Therefore, the allegations in plaintiff's proposed amended complaint are too vague and conclusory to determine whether they state a claim for relief against the 10 new named defendants.

### III. Legal Standards

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). Deciding whether to grant leave to amend is a matter of the

court's discretion, which "is particularly broad" in cases such as this one where the plaintiff has previously amended the complaint. See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations omitted).

## IV. Analysis

In this case, the motion to amend turns on the futility factor. After reviewing the proposed third amended complaint and attachments, the court cannot discern sufficient factual allegations against any of the new 10 defendants which state a valid claim for relief. Without any cognizable claim against these additional defendants, amending the complaint is futile because they would simply be screened out by the court in accordance with 28 U.S.C. § 1915A(b)(1). See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (noting that a motion to amend may be denied as futile); Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend."). For this reason, the undersigned recommends denying plaintiff's motion for leave to amend his complaint to add 10 new named defendants. This recommendation is without prejudice to plaintiff filing a motion to amend the complaint to identify the true name of Jane Doe Sergeant who threatened plaintiff on April 9, 2022 based on his sexual orientation.

## V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your pending motions and determined that neither a default judgment or summary judgment as to any defendant is appropriate at this stage of the case. The discovery and dispositive motions deadlines are being reset to allow you to proceed with the second amended complaint as screened by the court.

After reviewing your proposed third amended complaint, the undersigned recommends that your motion for leave to amend be denied as futile. The proposed amended complaint does not contain any valid claim for relief against the new 10 defendants. If you disagree with this recommendation, you may file a written explanation as to why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations" and file it

within 14 days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 58), properly construed as a motion to modify the discovery and scheduling order, is denied as unnecessary.

2. Plaintiff's motion for summary judgment (ECF No. 62) is denied without prejudice as prematurely filed.

3. Plaintiff's motion for default judgment (ECF No. 64) is denied because defendants Atinja, Amor, Johnson, Williams, Webb, Rogers, Perdigones, Medina, and Lavor were not named as defendants in the second amended complaint which is the operative pleading in this case.

4. The discovery deadline is reset to **April 9, 2025**.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date (i.e. **February 8, 2025**).

5. All pretrial motions, except motions to compel discovery, shall be filed on or before **July 9, 2025**.

6. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 57) be denied without prejudice to renewal once plaintiff identifies the real name of the Jane Doe Sergeant in the second amended complaint.

2. This matter be referred back to the assigned magistrate judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/puck0476.m2amend+msj