UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:22-cv-0476-DJC-CKD P |
| Plaintiff, | |
| v. | ORDER |
| HEATH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without an attorney in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's motions and requests seeking various relief are before the court. (ECF Nos. 81, 82, 84.) As set forth below, the court will deny plaintiff's motions and requests, but plaintiff may renew the request to substitute parties in the manner specified below. The court will vacate the current pretrial motion deadline of July 9, 2025, and will set a further schedule for this case at a later date.

ECF No. 81

Plaintiff requests the court substitute Sgt. Pablo for Jane Doe and to proceed immediately to trial. (ECF No. 81.) The operative complaint is the second amended complaint filed on May 26, 2022. (ECF No. 10.) Under the amended discovery and scheduling order, discovery closed on April 9, 2025, and pretrial motions were due July 9, 2025. (ECF No. 70.) The deadline for filing dispositive motions has not yet expired, and plaintiff's request to proceed immediately to trial will

1

be denied.

Previously, the court denied plaintiff's motion to amend the complaint without prejudice to renewal once plaintiff identified the real name of the Jane Doe Sergeant in the second amended complaint. (ECF No. 80.) The court will deny without prejudice the current request to substitute Sgt. Pablo for Jane Doe, however, plaintiff may renew the requested relief as to substitution of a party in the manner set forth below. See Fed. R. Civ. P. 15 & 16(b)(4).

Under Local Rule 137(c), if filing a document such as an amended complaint requires the court's permission, the document proposed to be filed should be attached as an exhibit to the motion. This court's local rules further provide that every amended pleading shall be complete in itself without reference to another pleading. See Local Rule 220. Accordingly, within 30 days of the date of this order, plaintiff may file a single motion for relief seeking to substitute Sgt. Pablo for Jane Doe along with a proposed amended complaint substituting Sgt. Pablo for Jane Doe and containing no other changes.

The court will vacate the current pretrial motion deadline of July 9, 2025. The court will set a further schedule for this case after ruling on plaintiff's motion to amend or expiration of time for plaintiff to file the motion as directed.

ECF No. 82

Plaintiff has also filed a document titled "Pre-Trial Statement" in which plaintiff requests the court appoint counsel. (ECF No. 82.) In light of the current procedural posture of this case, the court will disregard the pretrial statement as prematurely filed and deny without prejudice the request for appointment of counsel. If this case proceeds to trial, then further deadlines including for filing pretrial statements will be set at that time.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

ECF No. 84

Finally, plaintiff has filed a document titled, in part, "Permanent Retraining Order" in which plaintiff lists various events that have allegedly occurred since November 2024, and states generally without any specific details that he has been assaulted and sexually assaulted and fears for his safety. (ECF No. 84.) Plaintiff might be attempting to seek a restraining order or preliminary injunction requiring defendants to take or cease certain actions, but it is unclear what specific relief plaintiff is seeking or any connection it would have to the issues and defendants in this case. In order to obtain some specific injunctive relief, plaintiff must file a properly supported motion clearly stating the relief sought and demonstrating he is entitled to it under the appropriate legal standard.[1] To any extent plaintiff is seeking preliminary injunctive relief through this filing, the request is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to substitute parties (ECF No. 81) is DENIED without prejudice.
2. Within 30 days of the date of this order, plaintiff may file a single motion for relief seeking to substitute Sgt. Pablo for Jane Doe along with a proposed amended complaint substituting Sgt. Pablo for Jane Doe and containing no other changes.

---

[1] The court has previously advised plaintiff of the standards for obtaining a preliminary injunction and the need to submit evidence in support of such a motion. See Puckett v. Lynch, No. 2:23-CV-0903-KJM-SCR P, 2024 WL 5231228, at *1 (E.D. Cal. Dec. 27, 2024), report and recommendation adopted, No. 2:23-CV-0903 KJM SCR P, 2025 WL 436917 (E.D. Cal. Feb. 7, 2025).

3. Plaintiff's Pretrial Statement (ECF No. 82) is disregarded as prematurely filed and the request for appointment of counsel is DENIED without prejudice.

4. To any extent plaintiff seeks relief through the document titled "Permanent Restraining Order…" (ECF No. 84) the request is DENIED without prejudice.

5. The court vacates the pretrial motion deadline of July 9, 2025, and will re-set a further schedule for this case at a later date.

Dated: May 7, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, puck0476.sub