UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:22-cv-0476-DJC-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HEATH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2025, defendants filed a motion to dismiss under 28 U.S.C. § 1915(e)(2)(A), asserting plaintiff made a false declaration of poverty in his application for in forma pauperis status, and alternatively requesting an order revoking plaintiff's IFP status under 28 U.S.C. § 1915(g). (ECF No. 87.) Plaintiff did not timely oppose the motion. On June 4, 2025, plaintiff filed a notice of change of address to California State Prison – Sacramento ("CSP-SAC"). (ECF No. 88.) The court required defendants to re-serve a copy of the motion to dismiss at plaintiff's updated address of record. (ECF No. 89.) Defendants filed an amended certificate of service demonstrating compliance. (ECF No. 90.)

1

1        By order filed on June 26, 2025, the court granted plaintiff an extension of time to file a
2   response to defendants' motion to dismiss and cautioned plaintiff that his failure to oppose the
3   motion or file a statement of non-opposition violates the court's Local Rules.[1] (ECF No. 89 at 2-
4   3.) Plaintiff was specifically warned that "[f]ailure to file an opposition will be deemed as consent
5   to have the action dismissed for failure to comply with a court order and these rules and will
6   result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil
7   Procedure 41(b)." (Id. at 3.)
8        Plaintiff filed another notice of change of address on August 4, 2025, (ECF No. 91.) On
9   August 6, 2025, the court re-served the June 26, 2025, order at plaintiff's updated address of
10  record. Plaintiff has not opposed the defendants' motion to dismiss under 28 U.S.C. §
11  1915(e)(2)(A) and has not otherwise responded to the court's most recent order filed on June 26,
12  2025.
13       "District courts have inherent power to control their dockets" and, in exercising that
14  power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City
15  of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action,
16  the court considers several factors: (1) the public's interest in expeditious resolution of litigation;
17  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
18  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
19  sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).
20       The court has considered the factors set forth above and finds they favor dismissal.
21  Plaintiff's failure to comply with the Local Rules and the court's most recent order suggests
22  plaintiff has abandoned this action. This case should not proceed without plaintiff's participation.
23  Dismissal is the only suitable sanction.
24       In accordance with the above, IT IS RECOMMENDED as follows:
25       1. This action be dismissed without prejudice. See Fed. R. Civ. P. 41(b); Local Rule
26          183(b).

---

[1] The court has previously informed plaintiff that motions shall be briefed pursuant to Local Rule 230(l) which requires a written response. (ECF No. 34 at 6; ECF No. 56 at 6.)

    2. The pending motions (ECF Nos. 86, 87) be denied as moot.

    3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, puck0476.41b.fr

3