UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DURRELL ANTHONY PUCKETT,

     Plaintiff,

     v.

HEATH, et al.,

     Defendants.

No.  2:22-cv-0476-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff Durrell Anthony Puckett is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendants move to dismiss the case with prejudice under 28 U.S.C. § 1915e(2)(A), or, in the alternative, to revoke plaintiff's IFP status under 28 U.S.C. § 1915(g). (ECF No. 87.) For the reasons set forth below, the undersigned recommends plaintiff's IFP status be revoked as improperly granted and plaintiff be required to pay the filing fee and administrative fee to proceed with this case.

**I.     Background**

Plaintiff initiated this case on March 14, 2022, and subsequently was granted leave to proceed IFP. (ECF Nos. 1, 2, 7). In the operative second amended complaint ("SAC"), plaintiff alleges correctional officers used excessive force against him on two separate dates while he was restrained and being compliant with all orders. (ECF No. 35 at 6-7.) This case has proceeded on

1

the following claims in the SAC: (1) an Eighth Amendment excessive force claim against defendants Heath, Williams, Gorsi, Marfil, Dunlap, Easton, Martinez, and Lockwood; (2) an Eighth Amendment failure to protect claim against defendant Maristilla; (3) an Eighth Amendment deliberate indifference claim against defendant Gonzalez; (4) a First Amendment retaliation claim against defendants Heath, Martinez, Lockwood, Greenburg, and Mesa; and (5) a Fourteenth Amendment Equal Protection claim against defendants Heath, Martinez, Lockwood, and Jane Doe Sergeant. (ECF No. 44 at 2.) Defendants filed their answer to the SAC on January 16, 2024. (ECF No. 55.)

On May 19, 2025, defendants filed their motion to dismiss under 28 U.S.C. § 1915(e)(2)(A), asserting plaintiff made a false declaration of poverty in his IFP application, and alternately requesting an order revoking plaintiff's IFP status under 28 U.S.C. § 1915(g), arguing plaintiff has accrued "three strikes" within the meaning of the statutory scheme. (ECF No. 87.) Plaintiff did not timely oppose the motion. After plaintiff filed a notice of change of address (ECF No. 88), at the court's direction defendants re-served a copy of the motion to dismiss on plaintiff's updated address of record and filed an amended certificate of service demonstrating compliance. (ECF Nos. 89, 90.)

On October 22, 2025, the undersigned recommended this case be dismissed without prejudice for plaintiff's failure to oppose the motion to dismiss. (ECF No. 92.) Plaintiff filed objections to the findings and recommendations, and the undersigned vacated the findings and recommendations. (ECF No. 93, 95.) The defendants re-served another copy of the motion to dismiss to plaintiff's address of record and the court ordered plaintiff to file an opposition, if any, to the motion to dismiss within 30 days.[1] (ECF Nos. 95, 96.)

On December 8, 2025, plaintiff filed a document styled as objections to findings and recommendations. Because there were no findings and recommendations pending, and because the document addressed matters raised in defendants' pending motion, the undersigned ordered

_____

[1] None of the court orders served to plaintiff in this case have been returned by the United States Postal Service. The court presumes service of documents at plaintiff's record of address was fully effective.

2

the document be construed as plaintiff's opposition to the pending motion to dismiss. (ECF No. 98.) Defendants filed a reply in support of their motion. (ECF No. 99.)

## II.     Legal Standard

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that… the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). Where "the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice[.]" Witkin v. Lee, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).

IFP status is a privilege, not a right. Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999). An inmate's in forma pauperis status may be revoked at any time if the court, either *sua sponte* or on a motion, determines that the status was improvidently granted. See Schwerdtfeger v. Paramo, No. 19-CV-2255 JLS (JLB), 2021 WL 1186831, at *3 (S.D. Cal. Mar. 30, 2021) (collecting cases).

## III.    Discussion

The undersigned finds plaintiff's allegation of poverty in the IFP affidavit was untrue because he had recently diverted funds to his sister which he expected to be returned to him, and which were returned to him less than a month after he was granted IFP status in this case. Although the court could infer plaintiff diverted the funds at issue for the improper purpose of being granted IFP in this case, the undersigned stops short of finding bad faith is demonstrated because the funds at issue were disclosed on plaintiff's IFP application, and he arguably disclosed the relevant information to the court.

Plaintiff sought IFP status using another district court's prisoner civil rights IFP application. (ECF No. 2.) The form's second question asks whether the applicant has received any money within the last twelve months from six specified sources. Plaintiff replied "yes" to

"Business, profession or form of self-employment" and described the money received as "4,000.00 (1,400.00 to PLRA)[.]" (Id. at 1.) Plaintiff's further explanation states "2,500.00 stop payment look at request forms" and "I'll be able to pay 402.00 within 90 days." (Id.) Plaintiff's application declares "about 30.00" in cash with no other assets and no persons dependent on him for support. (Id. at 2.) Plaintiff signed the IFP application under penalty of perjury on February 9, 2022. (Id. at 2.)

The California Department of Corrections and Rehabilitation (CDCR) produced a trust account statement report reflecting transactions occurring between September 1, 2021, and March 15, 2022. (ECF No. 5.) When plaintiff signed his IFP application under penalty of perjury on February 9, 2022, he had $260.00 in his trust account. (Id. at 3.) The court granted him leave to procced in forma pauperis in this case on May 16, 2022. (ECF No. 7.)

Defendants present evidence of an August 2021 settlement agreement in Puckett v. Barrios, et al., No. 1:20-cv-01405-NONE-BAM (PC) (E.D. Cal.) which resulted in plaintiff receiving $4,000. (Declaration of Matthew Wilson ("Wilson Decl."), Exh. A, ECF No. 87-3 at 4-7.) Plaintiff's trust account statement report shows CDCR deposited the settlement funds in his trust account on December 3, 2021. (Declaration of S. Saunders ("Saunders Decl."), Exh. A, ECF No. 87-4 at 8.) Plaintiff then transferred $2,500 to Shakneka Babb on December 23, 2021. (Id.) CDCR case records show that Ms. Babb is plaintiff's sister. (Declaration of E. Campos, Exh. A, ECF No. 87-4 at 4-5.) On June 7, 2022, less than a month after plaintiff was granted IFP status in this case, Ms. Babb transferred $2,500 back to plaintiff's trust account. (Saunders Decl., Exh. A, ECF No. 87-4 at 11.) That deposit brought the balance of plaintiff's trust account to $3,241.89. (Id.)

Defendants also present evidence that plaintiff transferred $2,000 to his sister on July 1, 2022, and $480 to a Marilyn Smith on August 16, 2022. (Saunders Decl., Exh. A, ECF No. 87-4 at 12.) Plaintiff then filed Puckett v. Catlin et al., No. 2:23-cv-0210 (E.D. Cal.)[2] on February 3, 2023, just outside the six-month time frame required to be shown for the trust account statement

---

[2] The court takes judicial notice of the records and filings in plaintiff's other court case. See Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).

4

for the IFP application, such that the transfers were not reflected on the trust account statement with plaintiff's IFP application for that case. See Puckett v. Catlin et al., E.D. Cal. No. 2:23-cv-0210, ECF No. 8 at 4.

Plaintiff's allegation of poverty in his IFP affidavit filed in this case was untrue because he had received $4,000 in funds less than two months prior, of which he diverted $2,500 to his sister, resulting in his trust account reflecting only $260 on the date he signed his IFP affidavit. The diverted funds were returned to plaintiff shortly after his IFP application was granted in this case. Plaintiff apparently expected to receive the money back because his IFP application indicated "I'll be able to pay 402.00 within 90 days." (ECF No. 2 at 1.)

In the document construed to be plaintiff's opposition to the pending motion, plaintiff states the following:

> The money I had sent to my sister was because her roof caved in. She never sent me money back in 2022-23-or 24 or 25. The JPAYS I was getting was from friends or it in-part paid off all fees this case or others. [A]t the time of filing such complaint I was indigent.

(ECF No. 97.) Plaintiff's claim that his sister did not send him the money back is contradicted by the evidence set forth above. Had plaintiff not re-directed money to his sister, he could have paid the court costs in full.

Having determined plaintiff's allegation of poverty was untrue, the court considers whether he acted in bad faith. See Escobedo, 787 F.3d at 1235 n.8. "In a good number of cases finding bad faith, prisoner-plaintiffs have diverted funds in the period leading up to their IFP application to others, usually family members." Newsome v. Loterzstain, No. 2:19-CV-0307-JAM-EFB P, 2020 WL 4501813, at *4 (E.D. Cal. Aug. 5, 2020), report and recommendation adopted, 2020 WL 5412996 (E.D. Cal. Sept. 9, 2020) (collecting cases). In determining whether a plaintiff acted in bad faith, a court may consider whether the plaintiff is an experienced litigator. See, e.g., Vann v. Comm'r of N.Y. City Dep't of Correction, 496 F. App'x 113, 115 (2nd Cir. 2012) ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation.").

5

Plaintiff's other cases filed in this court demonstrate his familiarity with the IFP system, making it more likely that any deceptive conduct was intentional. See Puckett v. Lynch, No. 2:23-CV-0903 KJM SCR P, 2025 WL 553307, at *5 (E.D. Cal. Feb. 19, 2025), appeal dismissed, No. 25-2209, 2025 WL 1863102 (9th Cir. May 27, 2025), and report and recommendation adopted, No. 2:23-CV-0903 KJM SCR P, 2025 WL 1787277 (E.D. Cal. June 27, 2025) ("plaintiff [Durrell Anthony Puckett] is an experienced litigant – the court's docket query shows he has filed 34 federal civil rights actions – and has familiarity with the IFP process, including a past case dismissed pursuant to § 1915(e)(2)(A)"). Here, the timing of plaintiff's diversion of funds and the timing of the return of those funds raises suspicion, and plaintiff has not meaningfully explained the diversion of funds. See Vann, 496 F. App'x at 116 (citing the plaintiff's failure to provide a "credible justification" for omitting income in his IFP application as evidence of bad faith).

However, other district court cases finding bad faith for an untrue allegation of poverty typically rely on some type of deliberate concealment in the affidavit itself such as a specific omission or misrepresentation which is not present here. See, e.g., Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (dismissing action where the plaintiff "deliberately concealed her finances and misrepresented on her IFP application to convey the impression that she could not pay the filing fee"); Richmond v. Housewright, 101 F.R.D. 758, 759 (D. Nev. 1984) (dismissing case where the IFP affidavit falsely stated the plaintiff's income and the court found plaintiff deliberately lied to the court). Notably, here, plaintiff has recently suffered a case dismissal under 28 U.S.C. § 1915(e)(2)(A) based on a bad faith finding relating to diverted funds. See Puckett, 2025 WL 553307, at *5, report and recommendation adopted, 2025 WL 1787277. In that case, unlike in this case, plaintiff did not disclose the funds at issue on his IFP application. Id. at 4.

In this case, in contrast, plaintiff disclosed the existence of the diverted funds on his IFP application and indicated he could pay the filing fee in the future. Specifically, he reported money received as "4,000.00 (1,400.00 to PLRA)[.]" (ECF No. 2 at 1) He also wrote "2,500.00 stop payment look at request forms" and "I'll be able to pay 402.00 within 90 days." (Id.) Under the circumstances, because plaintiff arguably disclosed the relevant information, the undersigned will

6

not recommend the extreme sanction of dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(A). Instead, the undersigned will recommend plaintiff's IFP status be revoked as improperly granted and plaintiff be ordered to pay the $405.00 court costs in full.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 87) be DENIED.

2. Defendants' alternate request to revoke plaintiff's IFP status be GRANTED on the ground that IFP status was improperly granted.

3. Plaintiff be ordered to pay the remainder of the $405.00 court costs in full within 30 days of any order adopting these findings and recommendations and be warned that failure to do so will result in dismissal of this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, puck0476.mtd87

7